Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
(775) 786-5477
Fax (775) 786-9658
mark@markmausertlaw.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| BLADIMIK JARA, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| VICTORY WOODWORKS, INC., | |
| Defendant. | |
| _____/ | |

COMES NOW plaintiff, through counsel, and hereby complains of defendant as follows:

<u>Jurisdiction, Venue & Jury Demand</u>

1. Plaintiff is a Hispanic man who is a resident of northern Nevada and who commenced working for defendant on or about October 31, 2017, and who was terminated from defendant's employ on or about December 22, 2017. All, or almost all, acts, statements and omissions herein alleged occurred in northern Nevada, where at plaintiff was previously employed by defendant. Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission, as well as a Determination of Probable Cause regarding sexual harassment. This Notice and Determination are attached hereto and incorporated in this Complaint and Jury Demand. Likewise, the sworn Affidavit of former

Page 1

1  Victory Woodworks, Inc.'s employee, Mr. Armando Mena, accompanies this Complaint and Jury Demand and is hereby incorporated herein.  So too, the Declaration of Gary D. Carroll accompanies this Complaint and Jury Demand and is incorporate herein. This Complaint and Jury Demand is timely filed in accord therewith.   Plaintiff hereby requests a jury trial relative to all issues so triable.

2.  Defendant is a governmental entity, i.e., a corporation, partnership, limited liability company, or some other entity, which plaintiff believes is recognized under the laws of the State of Nevada.  At all times herein mentioned defendant had at least fifteen full-time employees working at least twenty weeks per year.

3.  This Court has subject matter jurisdiction over this case per 28 U.S.C. 1343.  The Court has subject matter jurisdiction because plaintiff is a Hispanic man who is alleging he was subject to a hostile work environment "because of sex" and retaliation because he opposed sexual harassment, in violation of 42 U.S.C. 2000e, et seq.

4.  This Court has venue re this action pursuant to 42 U.S.C. 2000e-5(f)(3) because all, or almost all of the actions, statements and omissions which form the basis for this lawsuit occurred in northern Nevada, i.e., in the geographical area of this judicial District.

First Cause of Action

(Sexual Harassment)

5.  Plaintiff hereby incorporates the allegations of paragraphs 1 through 4, inclusive, as well as all other paragraphs herein, as though the same had been fully stated.

6.   Plaintiff was employed by defendant.  Throughout much of his employment plaintiff was subject to harassment "because of sex", as prohibited by 42 U.S.C. 2000e, et seq.. For instance, defendant's Managers, including Mr. Michael Slater, engaged in a repertoire of abusive sexual misconduct.  Mr. Slater subjected plaintiff to sexually inappropriate statements and conduct of a highly offensive and sexual nature.  For instance, he made repeated inquiries of plaintiff such as whether plaintiff like to provide fellatio; would you take a d__k up you

Page 2

a__?; whether plaintiff had gotten any p___y that weekend; etc, Slater engaged in various sexually inappropriate forms of conduct, such as trying to remove the shirt of an employee and licking his nipple; pantomiming anal sex; bending an employee over a table while saying, "you know you like it"; Slater asked plaintiff, "do you like c__k, you fucking homosexual?"; etc. Slater took to openly referring to plaintiff as "that fucking homosexual". The sexually offensive conduct occurred on a daily basis, often more than once and Slater engaged in such conduct openly, with no apparent fear of adverse repercussions. Other employees, such as Diego _____, joined in the sexual harassment. For instance, Diego made sexual remarks and engaged in sexual misconduct – such as pantomiming anal intercourse with Slater. Slater has been engaging in such conduct for a long time and the owner of defendant, Mr. Michael Cook was, at all relevant times, aware of Slater's propensity and habit of engaging in sexual misconduct in the workplace. Plaintiff responded, and thereby opposed, Slater's sexual misconduct, by informing Slater he was only there to work and did not appreciate his sexual misconduct.

7. Plaintiff complained to defendant's owner, Mr. Cook, shortly after he commenced employment. That is, plaintiff personally informed Mr. Cook of some of Slater's sexual misconduct and how offended he was thereby, e.g., how he had engaged in a verbal conflict with Slater. Cook failed to properly investigate and failed to implement any adequate remedial action. Instead, Cook allowed Slater to terminate plaintiff's employment, approximately two weeks after the verbal conflict and complaint, on the pretext plaintiff was working too slow. That is, defendant retaliated against plaintiff for opposing sexual harassment. Other employees, such as Gary D. Carroll, complained of the sexually hostile work environment. Mr. Carroll complained **after** plaintiff's employment was terminated and he complained of the sexual misconduct of Diego _____ and Manager Slater. Defendant failed to implement an adequate investigation, or take adequate remedial action – instead defendant caused an attorney to deliver an ineffectual lecture, sans meaningful discipline. Slater and Diego _____ made

sexually offensive remarks at company meetings, in the presence of other supervisors and/or Managers.  Safety Supervisor Warren _____, who was present, failed to investigate or take adequate remedial action.

8. As a direct and proximate result of being subject to sexual harassment, plaintiff suffered emotional distress, loss of enjoyment of life, loss of sleep and anxiety.  It has been necessary for plaintiff to incur costs and retain an attorney to attempt to vindicate his federally protected right to a workplace free of sexual harassment.

<u>Second Cause of Action</u>

(Retaliation)

9.  Plaintiff hereby incorporates the allegations of paragraphs 1 through 8 as though the same were full stated herein.

10.  Defendant terminated plaintiff in order to retaliate against him for his opposition to sexual harassment, e.g., his direct opposition to Slater and/or because he complained to Cook.

11.  Any diminution or deficiency in plaintiff's work performance was directly and proximate caused by the sexual hostility defendant allowed to permeate its work environment and defendant is therefore estopped from relying upon such as a basis for terminating plaintiff's employment.

12.  As a direct and proximate result of being subject to retaliation plaintiff lost wages and benefits and otherwise suffered as alleged herein.

WHEREFORE, plaintiff requests the following relief:

1. For an award of compensatory damages;

2. For an award of punitive damages sufficient to punish and deter defendant from engaging in similar conduct;

3. For an award of special or actual economic damages, according to proof;

4. For an award of costs and a reasonable attorney's fee; and

5. For injunctive relief to compel defendant to adopt and actually enforce a reasonable

policy against sexual harassment and/or retaliation, and for whatever other relief the Court or jury may deem just.

DATED this 11th day of December, 2020.

                     /s/ Mark Mausert
                     Mark Mausert
                     NV Bar No. 2398
                     729 Evans Avenue
                     Reno, NV 89512
                     TELEPHONE:(775) 786-5477
                     FACSIMILE: (775) 786-9658
                     *Attorney for Plaintiff*

## **INDEX OF EXHIBITS**

9/25/20 Notice of Right to Sue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 1

9/3/20 NERC Finding of Probable Cause. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 2

9/16/20 Armando Mena affidavit.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 3

5/23/19 Gary D. Carroll declaration.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 4